CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 22 2009

JOHN F. CORCORAN, CLERK
BY:
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROMANIA PETER CUNNINGHAM,

    Petitioner,

v.

WARDEN T. O'BRIEN,

    Respondent.

Case No. 7:09CV00423

MEMORANDUM OPINION

By: Glen E. Conrad
United States District Judge

Petitioner Romania Peter Cunningham, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] In his petition, Cunningham challenges the validity of his federal sentence based on his allegation that the trial judge did not properly account for his pending state sentence on related charges. Upon review of the petition, the court concludes that Cunningham has failed to demonstrate entitlement to relief under § 2241.

## Background

After a joint investigation in November and December 1985, conducted by the Federal Bureau of Investigation ("FBI") and local police departments in Alexandria and Fairfax County, Virginia, Cunningham was arrested and charged in state and federal courts. State authorities charged him with abduction, robbery, and use of a firearm in the commission of a felony. Federal authorities charged him with kidnaping, conspiracy to commit kidnaping, use of a firearm in a crime of violence, possession of a firearm by a convicted felon, and interstate transportation of a stolen vehicle. Cunningham was convicted on the state charges, and on May

---

[1] Cunningham is currently confined at the United States Penitentiary in Jonesville, Virginia ("USP Lee"), within the territorial jurisdiction of this court. Accordingly, this court has jurisdiction to address his habeas claims, provided they are properly raised under § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 434-45 (2004).

7, 1986, the Fairfax County Circuit Court sentenced him to a term of twenty (20) years imprisonment.

After a jury trial, Cunningham was also convicted on the federal charges. The United States District Court for the Eastern District of Virginia sentenced him on October 23, 1986 to life imprisonment plus five years, with these sentences to run consecutively to each other and to the state sentence. Federal authorities thereafter lodged a detainer against Cunningham with state prison authorities, based on the federal sentence. He states that his direct appeal was unsuccessful. His motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, was denied by the federal trial court, and that judgment was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. United States v. Cunningham, 911 F.2d 725 (4th Cir. 1990) (unpublished). Cunningham also filed a previous § 2241 petition in the Middle District of Florida in 2003, which was denied.

In his current petition, Cunningham alleges the following grounds for relief:

> 1. The federal and state offenses were sufficiently related that petitioner should have received credit against his federal sentence for the time spent serving his state sentence, pursuant to 18 U.S.C. § 3568;
>
> 2. The federal sentencing judge erred in ordering the federal sentence to run consecutively to the already imposed state sentence, in violation of the petitioner's due process and equal protection rights; and
>
> 3. The federal sentencing judge was obligated to enunciate his reasons for imposing a consecutive sentence in light of the fact that the federal and state sentences were related.

## II. Discussion

### A. Prior Custody Credit

Claim 1 of Cunningham's petition challenges the calculation of his federal term of confinement. Accordingly, it is appropriately raised in a § 2241 petition, rather than in a § 2255 motion. See, e.g., United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). However, under 28 U.S.C. § 2244(a), this court is "not required to entertain an application for a writ of habeas corpus to inquire into the detention of [a federal prisoner] if it appears that the legality of such

detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section § 2255." See, e.g., Queen v. Miner, 530 F.3d 253, 255 (3d Cir.2008) ("Section 2244(a) bars second or successive challenges to the legality of a detention pursuant to 28 U.S.C. § 2241, including those § 2241 petitions which challenge the execution of a federal sentence.").

As stated, Cunningham filed a prior § 2241 petition in 2003, challenging the validity of his current federal term of confinement. In that petition, he argued that he was entitled to sentence credit for the time served in state prison on charges allegedly related to his federal offense. See Cunningham v. Yates, Case No. 5:03-cv-12-Oc-10GRJ (M.D. Fl. Feb. 15, 2005) (order denying petition as frivolous). The Florida court found that because Cunningham was not in custody under the federal judgment until after he was released by state authorities in 2001, he was not entitled to prior custody sentence credit against his federal sentence. Id. (applying 18 U.S.C. § 3568).[2] Because Cunningham previously filed a § 2241 petition challenging the calculation of the federal sentence that he challenges in the instant petition, this court is not required to entertain his current claim that his sentence has been wrongfully calculated.[3] § 2244(a). Accordingly, Claim 1 must be dismissed.

### B. Challenge to Sentence as Imposed

The remainder of Cunningham's claims challenge the validity of the sentence imposed, rather than the calculation of the term of confinement under that sentence. If a federal inmate wishes to challenge the validity of his sentence as imposed, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. In re Jones, 226 F.3d

---

[2] As the Florida court noted, because Cunningham's sentence was imposed before November 1, 1987, it must be calculated pursuant to 18 U.S.C. § 3568. See 18 U.S.C., Chap. 227, Historical and statutory notes regarding prior provisions.

[3] In any event, for the reasons stated in the Florida court's dismissal order and in the BOP paperwork included with Cunningham's petition, the relationship between his state and federal offenses did not entitle him to federal credit for time served on the state sentences under 18 U.S.C. § 3568, as he now argues.

-3-

328, 332 (4th Cir. 2000). Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Applying these principles to Cunningham's remaining claims, the court concludes that they must be dismissed. His claims—that the trial judge erred in determining and imposing the federal sentence in light of the defendant's already pending state sentence—would have been cognizable under § 2255. See, e.g., Johnson v. United States, 544 U.S. 295, 305-06 (2005). Thus, Cunningham can bring the claims under § 2241 only if he proves under Jones that § 2255 is an inadequate or ineffective remedy. He fails to do so. He does not point to any intervening change in "substantive law" under which his federal offense conduct is no longer criminal, and the court is unaware of any such change in law.

-4-

## Conclusion

Based on the foregoing, the court concludes that Cunningham's Claim 1, challenging the calculation of his sentence, must be dismissed as successive under § 2244(a) and that he cannot meet the elements of the <u>Jones</u> standard so as to allow the court to address his remaining claims under § 2241. <u>Jones</u>, 226 F.3d at 333-34. Therefore, his § 2241 petition must be dismissed. An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 22⁰ day of October, 2009.

/s/ *signature*
United States District Judge